RIJOS, APPELLANT, *v.* PEÑA ET AL, RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 866.—Decided February 21, 1913.

NATURAL CHILDREN—INHERITANCE.—In accordance with the provisions of the old Civil Code, an acknowledged natural child has no right to inherit from the legitimate sister of its putative father.

ID.—INHERITANCE—CONTEST OF WILL—RIGHT OF ACTION.—The plaintiff having no right to inherit from the legitimate sister of his natural father, he likewise has no right of action to contest the will executed by her.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Messrs. Bosch & Soto* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Zoila Rijos y Laza filed a complaint in the District Court of San Juan alleging that Encarnación Rijos y Correa died in this city on June 20, 1912; that the will which appears to have been executed by said Encarnación Rijos on November 26, 1901, is void because the signature of the testator is not genuine; that the plaintiff is the acknowledged natural daughter of Juan Rijos Correa, Encarnación's legitimate brother.

Benito Peña, one of the defendants herein, demurred to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action because Zoila Rijos, as the natural daughter of Juan Rijos, has no right to inherit from the latter's intestate sister, Encarnación Rijos. The demurrer was sustained and judgment rendered dismissing the complaint, whereupon the present appeal was taken therefrom.

As may be seen, only one fundamental question is involved herein: Whether or not the acknowledged natural daughter is the heir of the legitimate sister of the former's putative father, and hence whether or not she has the capacity to contest the will of the said legitimate sister of her putative father.

According to the provisions of law and decisions rendered in similar cases, this question should be decided in the negative.

The case at bar should be governed by the provisions of the former Civil Code in force at the time the sister of Rijos Correa died. She died testate and under the provisions of the code relating to testate inheritance the plaintiff has no right to inherit. Neither she nor her father, even though he had been alive at the time of the death of his sister, had the character of heirs-at-law.

Even taking for granted that the will was void and that Encarnación Rijos Correa should be considered as having died intestate, the provisions of the code are not in any way favorable to the plaintiff.

Article 943 of the said code reads as follows:

"A natural and legitimized child has no right to succeed *ab intestato* the legitimate children and relatives of the father or mother who has acknowledged it; nor shall such children or relatives inherit from the natural or legitimized child."

The terms of that article are so clear that they leave absolutely no ground for doubt. By express enactment of the legislators the natural child (the plaintiff in the case at bar) has no right to succeed *ab intestato* the legitimate relative of the putative father (in this case Encarnación Rijos y Correa), hence it is evident that said natural child has no capacity to contest the will of the legitimate relative of its putative father since said child has no interest in the inheritance.

Furthermore, the question raised is not new before this court. It has already been decided in the manner set forth in the case of *Succession of Pagán v. Pagán et al.,* 17 P. R. R.,

134, and in our judgment none of the arguments advanced by
the distinguished counsel for the appellant in his brief destroy
the grounds of that decision of this court which was based
upon the very letter of the law, upon historical precedents,
and upon the opinions of commentators. In *Correa v. Correa,*
18 P. R. R., 115, the question of the hereditary rights of nat-
ural descendants was also studied, and the conclusion was
reached that acknowledged natural children have no right to
inherit from their intestate paternal grandfather, according
to the provisions of the former Civil Code. The reasoning in
that case may serve to illustrate the point debated in this. The
appeal should be dismissed and the judgment appealed from
affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf
and Aldrey concurred.